UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SUSAN M. HALE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-238

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS FOR THE CLOSED PERIOD OF OCTOBER 17, 2006 THROUGH JUNE 2, 2015; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" during the closed period at issue and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply (doc. 16), the administrative record (doc. 7),[2] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of October 17, 2006. PageID 1234. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of the lumbar spine, diabetes mellitus with nephropathy and neuropathy,

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

morbid obesity, depressive disorder, a personality disorder, and borderline intellectual functioning. PageID 1829.

After an initial denial of her application, Plaintiff received a hearing before ALJ Maria Hodges on October 12, 2011. PageID 70-110. ALJ Hodges issued a written decision on October 26, 2011 finding Plaintiff not disabled. PageID 43-59. Plaintiff appealed, and on September 26, 2014, this Court vacated the non-disability finding and remanded her claim for further proceedings. *Hale v. Comm'r of Soc. Sec.*, No. 3:13-cv-2014, 2014 WL 7176476 (S.D. Ohio Sept. 26, 2014).

On remand, Plaintiff received a second hearing on March 23, 2015 before ALJ Elizabeth Motta. PageID 1902-15. ALJ Motta issued a written decision on July 31, 2015 finding Plaintiff not disabled. PageID 1923-48. Plaintiff appealed for a second time, and this Court again found reversible error in the ALJ's non-disability finding. *Hale v. Comm'r of Soc. Sec.,* 307 F. Supp. 3d 785 (S.D. Ohio 2017). Specifically, this Court remanded Plaintiff's claim to the Commissioner for a reassessment of the opinions written by Plaintiff's treating physicians. *Id.* at 792-97.

Plaintiff received a third hearing, before ALJ Deborah F. Sanders, on January 19, 2018. PageID 1869-99. ALJ Sanders issued a written opinion on May 1, 2018, finding that Plaintiff became disabled on June 3, 2015. PageID 1824-54. Prior to that date, however, ALJ Sanders found at Step Five that, based on Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 1829-51.

ALJ Sanders' non-disability decision for the closed period of October 17, 2006 through June 2, 2015 became the final administrative decision of the Commissioner after remand when Plaintiff did

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

2

not file any exceptions, and the Appeals Council did not assume jurisdiction over Plaintiff's claim. PageID 4246; 20 C.F.R. § 404.984(d). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This May 1, 2018 opinion by ALJ Sanders (hereinafter "ALJ") is now before the Court for review.

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 1824-54), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), and Plaintiff's reply (doc. 16). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will

not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff argues that the ALJ erred in (1) weighing the opinions of her treating physicians; (2) failing to abide by the findings in this Court's previous order; and (3) deciding to properly consider mitigating explanations for her treatment non-compliance. Agreeing with Plaintiff first and second alleged errors, the Court need not address her remaining argument.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

5

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

### A. Dr. Lehrer

Douglas Lehrer, M.D. authored an opinion on Plaintiff's mental impairments on April 14, 2011. PageID 973-76. Dr. Lehrer explained that his office treated Plaintiff for four years in bi-monthly counseling sessions for major depressive disorder, a learning disorder, and a personality disorder. PageID 973. Due to these impairments, Dr. Lehrer opined that Plaintiff would have "marked"[5] limitations in, *inter alia*, activities of daily living; concentration, persistence, or pace resulting in a failure to complete tasks in a timely manner; understanding and remembering detailed instructions; carrying out detailed instructions; completing a normal workday and workweek without interruptions from symptoms or an unreasonable number of rest periods; and responding appropriately to changes in the work setting. PageID 975-76. Ultimately, Dr. Lehrer concluded that Plaintiff would be absent from work more than three times a month as a result of her impairments or treatment for the same.

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 416, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

6

PageID 975. The ALJ afforded Dr. Lehrer's opinion "little or no weight." PageID 1838. The undersigned finds multiple, reversible errors in the ALJ's assessment and addresses each in turn.

First, in discounting this treating opinion, the ALJ found "no compelling support for [Dr. Lehrer's] opinion." *Id*. The ALJ's conclusion blatantly disregards this Court's 2017 remand order, which explicitly held that such a critique of Dr. Lehrer's opinion was unsupported by substantial evidence. *Hale,* 307 F. Supp. 3d at 793-94. This Court further explained that Plaintiff's record is replete with clinical findings[6] that are supportive of Dr. Lehrer's opinion, including that, "upon examination, [Plaintiff] consistently appeared tired, depressed, anxious, and sometimes dysthymic, worried and withdrawn." *Id.* at 794 (internal citations omitted). Thus, the ALJ's analysis, here, represents error because it does not comply with this Court's prior order and because it is undermined by the objective evidence of record. *See Kado v. Comm'r of Soc. Sec.,* 283 F. Supp. 3d 939, 944 (E.D. Mich. 2017) ("[T]he failure by an ALJ to follow a remand order… can constitute a reversible error in federal court. This holds true regardless of whether substantial evidence otherwise supports the Commissioner's final decision").

In light of these clinical findings that support Dr. Lehrer's opinion, the Court held in its 2017 remand order that the ALJ's assertion -- that the treating opinion is based on an "uncritical acceptance" of Plaintiff's complaints -- *i.e.,* is unsupported by substantial evidence. *Hale,* 307 F.Supp.3d at 794 (internal citations omitted). Nevertheless, the ALJ, here, incorrectly repeated that "[a]t least some of Dr. Lehrer's findings are apparently based on [Plaintiff's] self-reported symptoms."[7] PageID 1837. Again, the ALJ's conclusion represents error because it repeats the same erroneous logic this Court's remand order forbade. *Hale,* 307 F.Supp.3d at 794. Moreover, Dr. Lehrer's opinion explicitly noted that Plaintiff "*displays* symptoms of depression that include social withdrawal, lack of motivation,

---

[6] With regard to clinical findings, the Sixth Circuit has acknowledged the difficulty inherent in proving psychological disabilities." *Keeton v. Comm'r of Soc. Sec.,* 583 Fed. App'x. 515, 526 (6th Cir. 2014).

[7] The undersigned also notes that the Sixth Circuit has concluded that rejecting a mental health treating opinion no such a basis is not a good reason for doing so. *Keeton,* 583 F. App'x. at 526.

7

fatigue, over eating, remembering [and] concentrating." PageID 974 (emphasis added). It is unclear to the undersigned how -- in the face of documented, objective, abnormal findings -- the ALJ concluded that Dr. Lehrer's opinion could only be based on subjective reports. *Pollard v. Astrue*, 2012 WL 2341814, at *5 (S.D. Ohio June 20, 2012) report and recommendation adopted by *Pollard v. Comm'r of Soc. Sec.*, 1:11-cv-186, 2012 WL 2931310 (S.D. Ohio July 18, 2012) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (court cannot uphold the decision of the ALJ, even where there may be sufficient evidence to support the decision, if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result")).

Second, the ALJ attempted to undermine Dr. Lehrer's opinion by contrasting it with the observations of other, non-treating physicians. PageID 1837. However, as also explained in the previous remand order, the opinions of other, non-treating physicians do not constitute "other substantial evidence" sufficient to discredit the treating physician's opinion. *Hale,* 307 F.Supp.3d at 794 (citing *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 377 (6th Cir. 2013) (holding that "the conflicting substantial evidence must consist of more than the medical opinions of the non-treating and non-examining doctors" because "[o]therwise the treating-physician rule would have no practical force because the treating source's opinion would have controlling weight only when the other sources agreed with that opinion.")).

Third, the ALJ found that Plaintiff's history of part-time work after her alleged disability onset date undermines Dr. Lehrer's opinion. PageID 1836. This same reasoning was also summarily rejected in the 2017 remand order. *Hale,* 307 F.Supp.3d at 794. Specifically, this Court then held that evidence showing that Plaintiff worked on less than a full-time basis is not evidence that she is capable of working "on a sustained basis, which is how functional limitation of mental impairments are to be assessed." *Id.* (citing *Gayheart,* 710 F.3d at 377); *see also Lust v. Comm'r of Soc. Sec.,* No. CIV.A. 10-261, 2010 WL 2773205, at *2 (W.D. Pa. July 13, 2010) (stating that "[f]or purposes of Social

Security disability, the ability to perform competitive work on a sustained basis means the ability to work on a regular and continuing basis, *i.e.,* 8 hours a day for 5 days a week or an equivalent schedule").

Similarly, the ALJ also discredited Dr. Lehrer's opinion because he found it inconsistent with Plaintiff's ability to "operate a motor vehicle, sue a computer, attend [to] her own finances, maintain a household, [and] be responsible for [the] care of children." PageID 1837. But, again, the ALJ's analysis flouts the instructions given on remand. *Hale,* 307 F.Supp.3d at 794. Namely, that statements made by Plaintiff regarding her ability to perform daily activities also no not constitute evidence that Plaintiff is capable of work "on a *sustained* basis." *Id.* (citing *Gayheart,* 710 F.3d at 377) (emphasis in original). Moreover, this conclusion ignores that Plaintiff also reported having panic attacks while performing some of these daily activities. PageID 704.

The ALJ's analysis of Dr. Lehrer's opinion represents error in two regards. First, the ALJ blatantly flouted this Court's prior order by discounting Dr. Lehrer's opinion on the very same grounds this Court explicitly found to be erroneous. Second, the ALJ's weighing of Dr. Lehrer's opinion is -- in its own right -- unsupported by substantial evidence.

**B.    Dr. Thompson**

The record also contains the opinion of Plaintiff's family physician, James Thompson, D.O. Dr. Thompson, who began treating Plaintiff in 1990, authored the most contemporary medical opinion in the record on June 30, 2011. PageID 1882. Secondary to a diagnosis of diabetes, obesity, and depression, Dr. Thompson opined that Plaintiff can stand for fifteen minutes at a time and sit for thirty minutes at a time; lift ten pounds occasionally and five pounds frequently; never stoop; and occasionally bend or balance. PageID 1001. Ultimately, Dr. Thompson determined that Plaintiff could only work for one hour per day. *Id.* The ALJ did not afford this treating opinion controlling or deferential weight and, in so doing, committed similar errors as in assessing Dr. Lehrer's opinion. *See supra.*

In the 2017 remand order, reversible error was also found in the prior ALJ's assessment of Dr. Thompson's opinion.[8] *Hale,* 307 F.Supp.3d at 796-97. Specifically, this Court held that the "ALJ's conclusion -- that Dr. Thompson's opinion has no logical medically determinable basis in the medical record -- is unsupported by substantial evidence." *Id.* Here, the ALJ repeated -- verbatim -- that Dr. Thompson's opinion has "no logical medically determinable basis." PageID 1845. Again, the ALJ's analysis directly contradicts this Court' remand order.

In that order, the Court took painstaking efforts to highlight forty examples of treatment notes demonstrating the existence of a "medically determinable basis" for Dr. Thompson's opinion. *Hale,* 307 F.Supp.3d at 796-97. Such evidence includes, *inter alia,* a "marked tenderness sin the right lumbar parapinal area," "tenderness at L4, L5, sacrum," "wide-based gait, and tenderness in the right S1 joint," "muscle spasm in the bilateral lumbar spine," "morbid obesity, tenderness throughout the lumbar spine, pain with palpation of the lumbar facet, left S1 joint, and right S1 joint," decreased range of motion in various joints, and limited ambulation. *Id.* Because of these objective findings, the ALJ's conclusion -- that no logical basis exists for Dr. Thompson's opinion -- is unsupported by substantial evidence. *Hawthorne v. Comm'r of Soc. Sec.*, No. 3:13-cv-179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir.2000)) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position.")).

To the extent that the ALJ found that Plaintiff's MRI (showing "central disc protrusion at L4-l5," "facet arthropathy at L4-L5 and L5-S1," and "degenerative changes of the right hip and pubic symphysis") could not support Dr. Thompson's opinion, such a conclusion was also error. *See Simpson v. Comm'r. of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJ's must not succumb to the temptation to play doctor and make their

---

[8] In the 2014 remand order, the Court found "the record is replete with clinical signs and findings supporting the existence of back pain including, but not limited to, marked to moderate tenderness in the lumbar spine area, reduced range of motion, antalgic gait, spinal tenderness, swelling in Plaintiff's legs, wide-based gait, tenderness to palpation, muscle spasm, and pain to pressure of Plaintiff's spine." *Hale,* 2014 WL 7176476, at *5.

own independent medical findings"). The ALJ does not have the medical acumen to unilaterally determine that such raw medical data could not support Dr. Thompson's opinion regarding Plaintiff's physical functional abilities. *Meece v. Barnhart,* 192 F. App'x. 456, 465 (6th Cir. 2006) (holding an ALJ may not "substitute his [or her] own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence"); *Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that, "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.").

Thus, in light of all the foregoing, the ALJ again failed to establish "good reasons" for discounting the opinions of Plaintiff's treating physicians. *Mitchell v. Comm'r of Soc. Sec.*, 330 Fed. Appx. 563, 569 (6th Cir. 2009).

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

The ALJ's error in this regard merits reversal, and an immediate award of benefits is appropriate because proof of disability is strong and opposing evidence lacks substance. As noted above, there are opinions from two of Plaintiff's treating physicians -- of all which preclude work or are more restrictive than the ALJ's residual functional capacity ("RFC") finding -- and, together, they establish Plaintiff's entitlement to benefits during the closed period at issue. *See* PageID 973-76, 1001.

Further, the undersigned is disinclined to remand in light of the three administrative hearings Plaintiff has already received -- indicating that sufficient fact-finding has taken place -- and because it would further and unnecessarily delay this case, filed over ten years ago. Accordingly, because no factual issues remain and the record demonstrates Plaintiff's entitlement to benefits during the closed period, remand for an immediate award of benefits should occur. *Ellis v. Comm'r of Soc. Sec.*, No. 3:15-CV-137, 2016 WL 463359, at *2 (S.D. Ohio Feb. 8, 2016), *report and recommendation adopted,* No. 3:15-CV-137, 2016 WL 828144 (S.D. Ohio Feb. 26, 2016).

## V.

**IT IS THEREFORE ORDERED THAT:** (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for an immediate award of benefits for the closed period of October 17, 2006 through June 2, 2015; and (3) this case is **CLOSED**.

**IT IS SO ORDERED.**

Date:  8/6/2019     s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge